————o————

No. 6789.

## WILLIS J. ROUSSEL, ADM., v. WILLIAM B. GRANT.

### Syllabus.

1. For the purpoes of prescription *acquirendi causa*, civil possession after physical possession ceases, is main-

57

tained only by external and public signs evidencing the intention to retain possession.

2. Land below low water mark on the seashore, is not susceptible of private ownership.

Appeal from the Civil District Court, Parish of Orleans, No. 104,931, Divisions "A and B"; Honorable T. C. W. Ellis and Fred D. King, Judges. Affirmed.

Lyle, Saxon and W. W. Wall, for plaintiff and appellee.

McCloskey & Benedict and Grant & Grant, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a petitory action. Plaintiff's claim under a grant from the Spanish Crown, duly made and perfected in the year 1771, under which a complete title vested in the grantee. (*Lavergne v. Elkins*, 17 *La.*, 220.)

Defendant claims under a grant of the same property by the Secretary of War in 1831, which conveyed no title, since the Government itself then had no title.

Defendant seeks to perfect his title by prescription, but the only evidence of possession is a survey made some eighty years ago.

There is no evidence that the surveyor ever went upon the ground for the purpose of making his survey. But granting that he did, it is not shown that any trace of that fact remains, or that any construction of any sort was left by him to preserve the civil possession after the physical possession ceased. 126 *La.*, 898; *C. C.*, 3502.

Defendant claims that that part of the land which plaintiff seeks to recover lies under the waters of Lake Pontchartrain and is therefore not covered by the grant made to plaintiff, which extended only to the shore of said lake.

We fail to see what bearing this can have on the controversy. It is matter of public knowledge that the waters of Lake Pontchartrain have constantly gained upon the shore at this point, during the last one hundred and fifty years. And doubtless the grant to plaintiff's ancestor contained more land than is found there at present.

But since land below the low water mark is not susceptible of private ownership, it is purely a moot question, and of no practical importance for us to inquire whether or not plaintiff's lots once extended beyond the present shore line. Plaintiff is clearly entitled to all the land up to the present low water mark; and if the actual measurement now given extends beyond the old low water mark plaintiff takes nothing by this judgment beyond that mark. But certainly defendant himself has no claim under any hypothesis, to any land below the present low water mark.

The exception of *res judicata* set up by the defendant is without merit. Defendant was not a party to the suit pleaded as *res judicata* nor was the land now claimed involved in that controversy.

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, November 20, 1916.

Rehearing refused, December 18, 1916.

Writ denied, February 14, 1917.